## Wallace v. Insurance Company.

*Insurance—Waiver of proof of death—Nonsuit.*

A claimant on a policy of life insurance cannot repudiate the proofs of death furnished to the company and at the same time urge that proofs of death were waived. To support a waiver there must be both a knowledge of the existence of a right and an intention to relinquish it. No intention to waive can be implied from the assertion that satisfactory proofs of death had been furnished, and that they were tendered by the defendant to the plaintiff in open court in response to a notice to produce them.

A nonsuit is properly entered where it is apparent that no proofs of death had been filed with the claimant, the plaintiff's contention being that the required proofs of death had been waived by the company, and that it waived liability not in the failure to furnish proofs of death, but upon another clause.

Argued Jan. 10, 1900. Appeal, No. 46, Jan. T., 1900, by plaintiff, in suit of James Wallace, Administrator of Bridget Wallace, deceased, against the Metropolitan Life Insurance Company, from judgment of C. P. Luzerne Co., Dec. T., 1895, No. 327, refusing to take off nonsuit. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and MITCHELL, JJ. Affirmed. Opinion by ORLADY, J.

Assumpsit. Before WOODWARD, J.

The action was brought to recover on a policy of $500 on the life of Bridget Wallace, the insured.

At the trial the court refused to admit the following offer of plaintiff :

[Plaintiff proposes to show by the witness on the stand that Mr. Campbell is the general superintendent of defendant company, and he was asked by the witness if it would be neces-

sary for him to furnish proofs of death, and he says that that was all the proofs he made, and witness asked him why they did not pay the claim, and that Mr. Campbell stated that because the mother was not in sound health at the time the policy was issued.   The offer is made for the purpose of showing the defendant waived proofs of death from administrator and denied liability on another ground and the failure to furnish proofs of death.

Defendant objected to the offer because the offer shows there was no waiver of proofs of death but on the contrary the proofs had been furnished which were satisfactory.

The Court: First show.that Mr. Campbell was the general superintendent.   I think the objection well taken.   Exception noted, and bill sealed for plaintiff.]   [1]

The plaintiff then made the following offer which was refused:

[Plaintiff proposes to prove that the witness on the stand asked Mr. Campbell who is the general superintendent for this company, has full charge of their business, the reason why they refused to pay this claim, and that Mr. Campbell the superintendent of the company, says that they refused to pay to the plaintiff because the insured was not in sound health at the time the policy issued.

Defendant objected to the testimony as being immaterial and irrelevant, it appearing in the testimony of the witness Mr. Campbell, that proofs were furnished, and that there being nothing in the offers in alleging the proofs were given, and further, that the plaintiff so far has failed to show the authority of the alleged superintendent, Mr. Campbell, to bind the company by any declaration of his.

The Court: His declaration is not competent unless he had authority to bind the company.]   [2]

The court entered a judgment of nonsuit which it subsequently on motion refused to take off.   Plaintiff appealed.

*Errors assigned* were (1, 2) to rulings on evidence, reciting same.

*E. F. McGovern,* for appellant.—The preliminary proofs are conditions precedent; what constitutes them is determined by the contract, and the proofs always being in writing, their suffi-

ciency as a compliance with precedent condition is a question for the court. They are not admissible for any other purpose than to show a compliance with the conditions precedent to bringing suit. They cannot be read to the jury: Ins. Co. v. Bennett, 41 Pa. 161; Cole Bros. v. Fire Assn. Co., 188 Pa. 345.

The defendant in admitting that they had received proofs of death and that they were satisfactory to them, was an admission on the part of the defendant, that the condition precedent requiring proofs of death had been complied with, thereby dispensing with the necessity of proving that which the defendant admitted.

No proofs of death were furnished the defendant by the plaintiff, but it appeared that some other person did file such proofs whose claim was antagonistic to the plaintiff, and the defendant appeared very anxious to have plaintiff put them in evidence, which plaintiff refused to do, standing upon the waiver of defendant as to plaintiff, and the fact that defendant admitted having received proofs of death that were satisfactory.

On the question of waiver of proofs of loss it has been many times decided that, although a policy of insurance contains a stipulation, that nothing less than a written agreement indorsed on the policy will suffice to establish a waiver, yet it is admissible to show by parol testimony a waiver by acts in pais of the insurance company: Mix v. Royal Ins. Co., 169 Pa. 639; Gould v. Ins. Co., 134 Pa. 570; McFarland v. Ins. Co., 134 Pa. 590.

It has been held by our Supreme Court that it is competent for insurers to waive performance of a formal condition introduced into a policy solely for their own benefit. Also that such waiver need not be express, but may be inferred from the acts of the insurers evidencing a recognition of their liability, or even from their denial of obligation exclusively for other reasons: State Ins. Co. v. Todd, 83 Pa. 272; Ins. Co. v. Stauffer, 33 Pa. 397; Mix v. Royal Ins. Co., 169 Pa. 639.

*Henry A. Fuller*, for appellee.—Failure to put the proofs in evidence was fatal unless defendant (1) waived proofs, (2) received proofs without objection to their sufficiency, or (3) expressly admitted reception of satisfactory proofs.

None of these conditions existed. Proofs were not waived, but on the contrary, as disclosed in plaintiff's very offer to show waiver, had been furnished, and were produced upon the trial in obedience to his notice.

The unnumbered specification which assigns for error the refusal to admit plaintiff's first offer, is clearly unfounded, because the stated purpose was to show waiver, while the stated fact showed no waiver, because the court was clearly right in requiring precedent proof of Mr. Campbell's authority.

Plaintiff accepted that condition, undertook to show authority, and then made a fresh offer, whose rejection is assigned for error in another unnumbered specification, although no exception was taken thereto.

OPINION BY ORLADY J., July 26, 1900:

This appeal is from the refusal of the court below to take off a judgment of nonsuit. The policy of insurance on which the suit is founded recites that "in consideration of the answers and statements in the printed and written application for this policy, all of which are hereby made warranties and are hereby made part of this contract, . . . . and in consideration of the payment of certain premiums . . . . subject to the conditions set forth below and on the reverse side hereof, each and all are made part of this contract, . . . . the company agrees to pay the sum of etc., . . . . provided, however, that no obligation is assumed by this company prior to the date hereof, nor unless on said date the insured is alive and in sound health." By condition sixth it is provided that "proofs of death under this policy shall be made upon blanks to be furnished by the company, and the proofs shall contain answers to each and every question propounded in such blanks to the claimant, physicians, and other persons to whom such questions shall be propounded. . . . All the contents of such proof of death shall be evidence of the facts therein stated in behalf of, but not against, the company," and the seventh condition provides that "no suit shall be brought against this company under this policy, until ten days shall have expired after the filing in the home office of proofs of death upon all the forms furnished by the company. . . ."

On the trial of the case it was apparent that proofs of death

had been filed with the company by some person other than the plaintiff. He contended that the required proofs of death from the administrator had been waived by the company, and that it denied liability, not in the failure to furnish proofs of death, but, upon another ground.

The objection to the offer was that it showed there was no waiver of proofs of death, but on the contrary, that proofs had been furnished which were satisfactory. (1st assignment.) The facts stated in the offer do not show a waiver of any condition in the policy, nor is there evidence of an intention to waive any of these conditions. Treating the case as presented by each side,—that the proofs of death were not in evidence,—the nonsuit was properly entered. The plaintiff cannot repudiate the proofs of death furnished to the company and at the same time urge that proofs of death were waived. To support a waiver there must be both a knowledge of the existence of a right and an intention to relinquish it. No intention to waive can be implied from the assertion that satisfactory proofs of death had been furnished, and that they were tendered by the defendant to the plaintiff in open court in response to a notice to produce them. The plaintiff elected to rest his case upon the ground that compliance with the condition had been waived, but he failed to show that his prerequisite to a recovery had been waived by any competent authority.

The third specification of error cannot be considered for the reason that no exception was taken to the ruling of the court excluding the offer.

The first reason for the nonsuit was sufficient to support the judgment, which is affirmed.